**Bernard DOLENZ, Appellant**

v.

**Nancy VAIL, Executrix of the Dmitri Vail Estate, Appellee.**

**No. 05–08–00034–CV.**

Court of Appeals of Texas, Dallas.

July 30, 2009.

Rehearing Overruled Sept. 3, 2009.

---

Bernard Dolenz, Dallas, TX, pro se.

Nancy Vail, Rowlett, TX, pro se.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion By Justice BRIDGES.

Bernard Dolenz appeals the trial court's order denying his "Second Motion to Take Possession" of certain paintings by Dmitri Vail. In three issues, Dolenz argues the trial court erred in denying his second motion to take possession and in ruling that he is bound by a prior judgment. We affirm the trial court's judgment.

For more than two decades, there has been a struggle for possession of the paintings and artwork of Dmitri Vail. In July 1989, Vail, a well-known portrait artist, met Dolenz when he came to Vail's home to view his artwork. Vail, who was in his seventies at the time, hired Dolenz to do some legal work for him. Vail believed his property was being mismanaged. Dolenz told Vail that NCNB Bank had breached its fiduciary duty, so in August of 1989, Dolenz set up a trust for Vail. The corpus of the trust consisted of all of Vail's paintings and artwork, all rights and copyrights to any of Vail's artwork, and all furnishings, clothes, and personal effects located at Vail's residence. The sole beneficiary of the trust was Dolenz. Dolenz's daughter, Brenda Lievrouw, notarized the trust instrument. Dolenz charged Vail $3000 to set up the trust.

Soon afterwards, in the fall of 1989, Vail executed four promissory notes payable to Dolenz. Dolenz testified the notes were for professional services in the amount of $92,374.93 and $3500 to Vail for living expenses. The notes were secured by the corpus of the above referenced trust. Dolenz assigned all four notes to his daughter. In March of 1990, while still representing Vail, Dolenz sent a series of demand letters on behalf of his daughter for payment of the notes. On April 12, 1990, Lievrouw and Dolenz went to Vail's house with a moving van to pick up the paintings that were collateral for the notes. Vail's wife called the police, and Lievrouw and Dolenz left without the paintings.

Also on April 12, 1990, Dolenz filed a motion to withdraw as Vail's counsel in the suit against NCNB Bank. But before the motion could be heard, Dolenz filed suit on behalf of his daughter Lievrouw in justice of the peace court. Vail filed a grievance on June 11, 1990 against Dolenz.[1] Vail died in December of 1991, and Nancy Vail, his widow, was appointed independent executrix of his will and estate. Dolenz brought a claim against the estate alleging that he had the legal right to paintings and personal property that were part of the inter vivos trust. In 1997, the probate court held that the Dmitri Vail Trust was a valid and fully enforceable trust. However, in 1998 the probate court also found that the trust was an "empty" trust at the time of Vail's death and ordered that Dolenz take nothing. Dolenz appealed the probate court's judgment to this Court.

We dismissed the appeal when Dolenz failed to file an amended brief that satisfied the requirements of rule 38.1 of the rules of appellate procedure. The supreme court denied Dolenz's petition for discretionary review in 2000.

In 2002, Dolenz filed a petition for declaratory judgment in district court asking the court to hold that the final judgment from the probate court was void for lack of jurisdiction. Dolenz contended that district courts have exclusive jurisdiction over trust disputes. In 2003, the district court dismissed Dolenz's claim for lack of jurisdiction. In 2004, this Court held the probate court had jurisdiction over Dolenz's action involving the disposition of trust assets in the Dmitri Vail Trust, and the probate court's judgment was not void. Accordingly, this Court resolved Dolenz's issues against him.

In 2005, Dolenz filed in probate court his "Motion to Take Possession of All Paintings and Collateral Secured by Security Agreement from Dmitri Vail to Bernard Dolenz." The probate court denied Dolenz's motion on the basis that final judgment in the underlying case was entered August 12, 1998, that judgment decreed and made certain findings regarding art work by Vail, that judgment addressed the same issues as the motion to take possession, and that judgment was res judicata as to Dolenz's claims. The probate court thus concluded it lacked jurisdiction to consider Dolenz's motion to take possession because the matter had been appealed to this Court and ordered dismissed. On appeal, we concluded that, although collat-

---

1. The complaint alleged that Dolenz committed several acts of professional misconduct when he represented Vail. In a subsequent disciplinary proceeding, a jury found that Dolenz, a licensed attorney at the time, violated several provisions of the Texas Code of Professional Responsibility and/or the Texas Disciplinary Rules of Professional Conduct by (1) improperly soliciting Vail's business; (2) entering into a prohibited business transaction with Vail; and (3) representing another person in a matter adverse to Vail. Dolenz was subsequently disbarred, and this Court affirmed the trial court's judgment disbarring Dolenz on November 7, 2001.

eral estoppel and res judicata might affect the merits of Dolenz's claim, they did not deprive the probate court of jurisdiction over the suit. We reversed the probate court's order dismissing Dolenz's motion to take possession and remanded the case to the probate court for further proceedings. We expressly did not consider whether the probate court erred in finding the case was previously appealed and had a res judicata effect.

In 2006, Dolenz filed his "Second Motion to Take Possession of All Paintings and Collateral Secured by Security Agreement from Dmitri Vail to Bernard Dolenz" in which he again sought possession of certain of Vail's paintings. In October 2007, the probate court denied Dolenz's second motion to take possession. In the order, the probate court stated the August 12, 1998 final judgment determined the Dmitri Vail Trust was an "empty" trust and ordered Dolenz take nothing. The order concluded that Dolenz's claim was barred by res judicata. This appeal followed.

In three issues, Dolenz argues the trial court erred in denying his second motion to take possession, res judicata does not bar his claims, and he is not bound by the final judgment of August 12, 1998. Res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability

of court decisions, promote judicial economy, and prevent double recovery. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex.1992). A court may take judicial notice of its own records and judgments, but the use to which such records may be put is circumscribed by the doctrines of res judicata and collateral estoppel. *Tex. Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex.1989).

Here, the record contains the August 12, 1998 final judgment of Probate Court No. 3 ordering Dolenz take nothing on his claim for the property at issue. In the underlying proceeding, the judge of Probate Court No. 3 concluded the August 12, 1998 final judgment was entered in a lawsuit whose subject matter was the ownership and rights of possession of paintings by Vail. The final judgment decided Dolenz should take nothing on his claims, including (1) his claims based on an allegation that the paintings were not in the probate estate and (2) claims to the paintings pursuant to a UCC filing with the Secretary of State. The probate court's judgment concluded the relief requested by Dolenz in his second motion to take possession were barred by the doctrine of res judicata because the matter had "already been (or should have been) decided by the Final Judgment of August 12, 1998." Having reviewed the record and Dolenz's claims on appeal, it appears the elements of res judicata were satisfied in this case, and the probate court judge did not err in denying Dolenz's second motion to take possession. *See Amstadt*, 919 S.W.2d at 652. We overrule Dolenz's issues.

We affirm the trial court's judgment.