**MGA INSURANCE COMPANY,**
Appellant,

v.

**CHARLES R. CHESNUTT, P.C., and
Charles R. Chesnutt, Appellees.**

No. 05–10–00410–CV.

Court of Appeals of Texas,
Dallas.

Jan. 10, 2012.

Rehearing Overruled Feb. 27, 2012.

Diana L. Faust, R. Brent Cooper, Cooper & Scully, P.C., Dallas, for Appellant.

Charles Chesnutt, Charles R. Chesnutt, P.C., Dallas, TX, pro se.

Before Justices BRIDGES, MARTIN RICHTER, and MURPHY.

## OPINION

Opinion by Justice MARTIN RICHTER.

MGA Insurance Company appeals from a summary judgment that it take nothing against Charles R. Chesnutt, P.C. and Charles R. Chesnutt. In one issue, MGA asserts the trial court erred in granting

appellees' motion for summary judgment. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

## I. BACKGROUND

### Underlying Lawsuit

In 1989, Vernon and Bonnie Johnson established a trust for their daughter Chelsea, and asked their friend, Charles Chesnutt, to serve as trustee. Chesnutt delegated the authority to make investment decisions for the trust to Vernon Johnson. Bonnie and Vernon Johnson were subsequently divorced. After the divorce, Bonnie Johnson discovered that the value of the trust had declined so she hired an attorney to evaluate whether she had a cause of action against Chesnutt, and hired a second attorney to file suit against Chesnutt.[1] MGA Insurance Company (MGA) provided a defense for Chesnutt in the Johnson litigation under a malpractice insurance policy issued to Chesnutt, P.C. During the course of the Johnson litigation, Chesnutt's attorney filed several motions to compel discovery, a motion for sanctions, and a motion for summary judgment. Hearings were conducted on Chesnutt's motion to compel and alternative motion for sanctions. In January 2005, Bonnie Johnson nonsuited her claims against Chesnutt. Thereafter, Chesnutt filed a motion for contempt and amended motion for sanctions, seeking a dismissal of the Johnson litigation with prejudice, and monetary sanctions against Bonnie Johnson and her counsel.

After a two day evidentiary hearing, the trial court made detailed findings of fact and conclusions of law and ordered a "death penalty" sanction and award of attorney's fees against Johnson. On July 19, 2005, the trial court signed a judgment dismissing Johnson's claims with prejudice and awarding Chesnutt his attorney's fees and costs. Johnson appealed the sanctions award and deposited cash into the registry of the court in lieu of bond. On April 27, 2007, this Court affirmed the trial court's judgment and upon denial of Johnson's petition for review by the Supreme Court of Texas, the judgment became final.[2]

### Current Lawsuit

In April 2008, MGA notified Chesnutt that it asserted a contractual right to the sanctions award in the *Johnson* litigation because it paid Chesnutt's attorney's fees and costs of defense. After a year had passed, the money was still in the registry of the court so Chesnutt withdrew the money in April 2009. On October 7, 2009, MGA sued Charles R. Chesnutt, P.C., and Charles R. Chesnutt, individually, claiming assumpsit for money had and received, and seeking a declaratory judgment that it was entitled to the sanctions award received by Chesnutt in the *Johnson* litigation. Appellees filed original answers asserting various affirmative defenses, including res judicata, collateral estoppel, laches, limitations, and waiver, and argued "the judgment that forms the basis of this lawsuit cannot rationally be construed to support the claims of MGA." Chesnutt, P.C.'s answer was verified by an affidavit from Chesnutt, stating that MGA's suit was based upon the underlying *Johnson* judgment in favor of Chesnutt, individually, and not Chesnutt, P.C., and thus Chesnutt, P.C., was not a proper

---

1. *Bonnie L. Johnson, on behalf of Chelsea Elizabeth Johnson, Beneficiary v. Charles Chesnutt,* Cause No. 03–04668, 101st Judicial District Court of Dallas County (the *Johnson* litigation).

2. *Johnson v. Chesnutt,* 225 S.W.3d 737 (Tex. App.-Dallas 2007, pet. denied).

party to the lawsuit and should be dismissed.

Appellees filed a motion for traditional summary judgment, asserting they were entitled to summary judgment because they: (1) negated the essential elements of MGA's cause of action, (2) established each element of their affirmative defenses of res judicata, collateral estoppel, and collateral attack on the judgment, and (3) established that MGA's suit in quasi-contract was barred due to the existence of a written contract between the parties. Appellees' summary judgment evidence included the findings of fact and conclusions of law in the *Johnson* lawsuit, the insurance policy between MGA and Chesnutt, P.C., Chesnutt's affidavit, MGA's original petition with attachments, appellees' answers, and a copy of the transcript of a hearing on appellees' motion to transfer the current lawsuit from the 134th district court to the 101st district court, the trial court that signed the *Johnson* judgment. Appellant filed its response, and a sur-reply in response to appellees' reply. On February 17, 2010, the trial court signed an order granting appellees' motion for summary judgment. This appeal followed.

## II. STANDARD OF REVIEW

The standard for reviewing a traditional motion for summary judgment is well-established. *See Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n,* 253 S.W.3d 184, 192 (Tex.2007); *Kaye/Bassman Int'l Corp. v. Help Desk Now, Inc.,* 321 S.W.3d 806, 812 (Tex.App.-Dallas 2010, pet. denied). We will affirm a summary judgment if the record establishes that there is no genuine issue of material fact and the movant is entitled to judgment as

a matter of law. *See* TEX.R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex. 2003). For a defendant to prevail on a traditional motion for summary judgment, it must either disprove at least one element of each of the plaintiff's claims as a matter of law or conclusively establish all elements of an affirmative defense to the claims. *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.,* 198 S.W.3d 462, 464 (Tex.App.-Dallas 2006, no pet.).

When reviewing a summary judgment, we examine "the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006)(per curiam) (quoting *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005)). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Provident Life,* 128 S.W.3d at 216; *Kastner v. Jenkens & Gilchrist, P.C.,* 231 S.W.3d 571, 577 (Tex.App.-Dallas 2007, no pet.).

## III. ANALYSIS

MGA's sole issue on appeal is that the trial court erred in granting appellees' motion for summary judgment. MGA details five sub-issues for our review, asserting:

(1) appellees failed to disprove one or more elements of MGA's equitable claim for money had and received and unjust enrichment; (2) appellees failed to establish each element of their affirmative defenses of res judicata and collateral estoppel; (3) appellees failed to establish that MGA's lawsuit is a collateral attack on the *Johnson* litigation judgment; (4) Chesnutt, P.C. failed to establish entitlement to summary judgment based on defenses arising out of the *Johnson* litigation because it was not a party to the *Johnson* litigation and not included in the *Johnson* judgment; and (5) genuine issues of material fact exist regarding MGA's claim for money had and received and unjust enrichment, precluding summary judgment.

## A. MGA's Claim

Appellees' motion for summary judgment attacked MGA's claim for assumpsit for money had and received in two ways. First, appellees argued MGA did not have an ownership interest in the sanctions award because ownership, for purposes of assumpsit for money had and received, derives from a prior ownership of the funds in question. Appellees reasoned that because the sanctions award was paid by Johnson and not MGA, MGA was not the prior owner of the funds in question. Second, appellees asserted MGA was not entitled to recover in quasi-contract because there was a written contract that governed the relationship between the parties.

### *Assumpsit For Money Had And Received*

According to legal historians, assumpsit was developed to redress circumstances involving unjust enrichment or an implied promise to pay what in good conscience defendant was bound to pay the plaintiff. *Tri–State Chem., Inc. v. Western Organics, Inc.*, 83 S.W.3d 189, 193–94 (Tex.App.-Amarillo 2002, pet. denied).

Over time, assumpsit was divided into various categories. *Id.* at 194. Money had and received is a category of general assumpsit to restore money where equity and good conscience require refund. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex.App.-El Paso 1997, no writ). "The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him." *Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687–88 (1951) (quoting 58 C.J.S., Money Received § 4a). A cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money which ... belongs to the plaintiff." *Id.* (quoting *United States v. Jefferson Elec. Mfg. Co.*, 291 U.S. 386, 402–03, 54 S.Ct. 443, 78 L.Ed. 859 (1934)).

A cause of action for money had and received is not premised on wrongdoing, but "looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another." *Amoco*, 946 S.W.2d at 164. Such an action may be maintained to prevent unjust enrichment when a party obtains money which in equity and good conscience belongs to another. *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex.App.-Fort Worth 2005, no pet.); *J.C. Penney Co., Inc. v. Pitts*, 139 S.W.3d 455, 457 n. 4 (Tex.App.-Corpus Christi 2004, no pet.) (citing *Staats*, 243 S.W.2d at 687). In short, it is an equitable doctrine applied to prevent unjust enrichment. *Everett*, 178 S.W.3d at 860; *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

■ To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him. *Edwards v. Mid–Continent Office Distrib., L.P.,* 252 S.W.3d 833, 837 (Tex.App.-Dallas 2008, pet. denied). In defending against such a claim, a defendant may present any facts and raise any defenses that would deny a claimant's right under this theory. *Best Buy Co. v. Barrera,* 248 S.W.3d 160, 162 (Tex.2007) (per curiam); *Hunter v. PriceKubecka, PLLC,* 339 S.W.3d 795, 807 (Tex.App.-Dallas 2011, no pet.). The parties agree that in the *Johnson* judgment, the trial court awarded a "sanction in the amount of $114,777.50, representing Defendant's reasonable attorney's fees and costs in defending this action." The parties also agree that MGA paid Chesnutt's attorney's fees and costs in the *Johnson* litigation. Finally, the parties agree that Chesnutt withdrew the sanctions award from the registry of the court and has not reimbursed MGA for the attorney's fees and costs it paid to defend Chesnutt in the *Johnson* litigation. The only dispute between the parties is whether the sanctions award held by Chesnutt in equity and good conscience belongs to MGA because it paid Chesnutt's attorney's fees and costs in the *Johnson* litigation.

Appellees contend that assumpsit for money had and received is an action for restitution of money that was once owned in law and equity by a plaintiff. They argue MGA cannot establish it ever had an actual ownership interest in the sanction award. Further, appellees argue that because MGA made its payment to the person that it intended to pay [Chesnutt's attorney] and the amount of that payment was the amount that it intended to pay [Chesnutt's attorney's fees and costs], there is no action for assumpsit for money had and received because the payment was not made by mistake or under duress.

Appellees also argue that there was never an implied promise on the part of Chesnutt to pay MGA any more than the $11,832 already paid MGA in order to purchase malpractice insurance from MGA. Appellees did not cite to any summary judgment evidence in support of their arguments.

■ A recovery under assumpsit for money had and received does not "depend on the parties' agreement or intent but rather the law's presumption of a promise of compensation if one receiving another's money would thereby be unjustly enriched." *Amoco,* 946 S.W.2d at 164. Reviewing the summary judgment record in the light most favorable to MGA, we conclude appellees failed to conclusively disprove at least one element of MGA's claim for assumpsit for money had and received and there is a genuine issue of fact whether the sanctions award of $114, 770.50, representing defendant's reasonable attorney's fees and costs in the *Johnson* litigation, belongs to Chesnutt (as expressly stated in the judgment) or whether Chesnutt holds money which in equity and good conscience belongs to MGA (who actually paid defendant's reasonable attorney's fees and costs in the *Johnson* litigation). *See id.*

### *Quasi–Contract*

■ Appellees' motion for summary judgment attacked MGA's equitable claim for assumpsit for money had and received on the basis that quasi-contractual relief was not available because the written contract between the parties addressed the obligations of the parties with respect to the subject matter of the dispute. In response, MGA argued the mere existence of a contract between the parties did not bar recovery in equity. MGA asserted that its claim against appellees was not a dispute regarding the scope or substance of the

insurance policy between the parties, and the insurance policy did not address or even contemplate the issue.

 Generally, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex.2000); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex.App.-Dallas 2010, no pet.). The quasi-contractual action for money had and received is a cause of action for a debt not evidenced by a written contract between the parties. *See Edwards*, 252 S.W.3d at 836; *see also Amoco*, 946 S.W.2d at 164. Here, the parties agree that MGA provided a defense for Chesnutt in the *Johnson* litigation pursuant to a malpractice insurance policy issued to Chesnutt, P.C. Appellees' summary judgment evidence included a copy of the insurance policy between the parties. In their motion for summary judgment, appellees argued the contract "included rights of subrogation that may or may not have been enforceable." However, appellees failed to support their argument by identifying or providing analysis of the policy provisions they contended were applicable to the dispute between the parties. *See Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex.App.-San Antonio 2005, no pet.) (a party must specifically identify the supporting proof it seeks to have considered by the trial court).

 Appellees argued that MGA's April 2008 demand letter "shows that the policy does indeed cover the same subject, because the demand letter demands the proceeds of the judgment and the letter is based upon the contract." However, appellees' summary judgment evidence did not include an authenticated copy of the demand letter. Instead, appellees attached a copy of MGA's original petition,

and the demand letter was an attachment to the original petition. Pleadings do not constitute summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

 Appellees' summary judgment evidence also included Chesnutt's affidavit in which he stated that after receiving MGA's April 2008 demand letter, he researched the matter thoroughly and determined he was not obligated to deliver the award to MGA. Conclusory statements in affidavits are not proper summary judgment evidence. *See Ritter v. Las Colonitas Condo. Ass'n*, 319 S.W.3d 884, 890 (Tex.App.-Dallas 2010, no pet.); *Dallas Cent. Appraisal Dist. v. Mission Aire IV, L.P.*, 279 S.W.3d 471, 479 (Tex.App.-Dallas 2009, pet. denied). The affidavit is silent with respect to whether the insurance policy applied to the dispute between the parties, and did not refer to any specific provisions within the policy. Examining the record in the light most favorable to MGA, indulging every reasonable inference and resolving any doubts against the motion, we conclude appellees failed to meet their summary judgment burden of showing that the written insurance policy was applicable to the dispute between the parties such that MGA was precluded from asserting a claim for equitable relief. *See Sudan*, 199 S.W.3d at 292.

### B. APPELLEES' AFFIRMATIVE DEFENSES

In their motion for summary judgment, appellees also argued their summary judgment evidence conclusively established all elements of their affirmative defenses of res judicata, collateral estoppel, and collateral attack on the judgment.

### *Res Judicata*

 Appellees contended that MGA's claim was barred by res judicata

because the *Johnson* judgment established that Chesnutt was entitled to the sanction award of $114,777.50. Res judicata, also known as claim preclusion, prevents relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex.2001); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Dolenz v. Vail*, 293 S.W.3d 842, 845 (Tex.App.-Dallas 2009, pet. denied). Appellees had the burden to establish each element of their affirmative defense as a matter of law. *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996); *St. Paul Fire & Marine Ins. Co. v. Beirne, Maynard & Parsons, L.L.P.*, No. 01–00–01065–CV, 2002 WL 31771102, at *2 (Tex.App.-Houston [1st Dist.] Dec. 12, 2002, pet. denied).

Appellees have not conclusively proved all the elements of res judicata. The *Johnson* judgment was rendered by a court of competent jurisdiction. Both agree that MGA was not a party to the *Johnson* litigation; however, they disagree as to whether MGA was in privity with Chesnutt. "People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Am-*

*stadt*, 919 S.W.2d at 653; *see also State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 886 (Tex.App.-Dallas 2001, pet. denied). Appellees assert that an insurer is always in privity with its insured. While we agree this is often the case, there are instances when an insurer and its insured are not in privity. *See State Farm Lloyds*, 53 S.W.3d at 886 (Texas law is clear that "[w]hen an insurer and its insured take conflicting positions on the issue of coverage, they are not in privity.") (quoting *Cluett v. Med. Prot. Co.*, 829 S.W.2d 822, 826 (Tex.App.-Dallas 1992, writ denied)). MGA contends that providing a defense and paying the defense costs for Chesnutt's attorney is not enough to constitute privity for purposes of res judicata. *See Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir.1987) (to have control of the litigation requires more than the nonparty supplying an attorney or helping to finance the litigation). The record does not conclusively establish that MGA controlled the Johnson litigation, that MGA's interests could be represented by Chesnutt, or that MGA was a successor in interest, deriving its claims through Chesnutt.

Further, MGA's claims against appellees did not arise out of the same subject matter as the *Johnson* suit for legal malpractice against Chesnutt. Res judicata precludes a second action on claims that arise out of the same subject matter and which could have been litigated in the first suit. *See Amstadt*, 919 S.W.2d at 653. In the *Johnson* litigation, Johnson sued Chesnutt for legal malpractice. Chesnutt sought sanctions against Johnson for her failure to properly comply with discovery requests. Here, appellees attempted to construe MGA's claim as an attempt to relitigate the issue of whether Chesnutt was entitled to the sanctions award in the *Johnson* litigation. According to appellees, "MGA alleges that it is the owner of

the judgment." However, contrary to appellees' assertions, our review of the record reflects that MGA did not challenge Chesnutt's entitlement to the award of sanctions. Instead, MGA sought reimbursement of the attorney's fees it paid to defend Chesnutt against the legal malpractice claims filed against him. The record does not conclusively establish that the case before this Court is based on the same claims as were raised or could have been raised in the *Johnson* suit. Accordingly, we conclude appellees failed to establish the elements of their res judicata affirmative defense. *See Johnson & Johnson,* 924 S.W.2d at 927.

### Collateral Estoppel

▪▪▪ Appellees argued that MGA was collaterally estopped from asserting a claim for money had and received because such claim was essentially an argument that Chesnutt was not entitled to the judgment in the *Johnson* litigation. Collateral estoppel, or issue preclusion, prevents the relitigation of identical issues of fact or law that were actually litigated and essential to the final judgment in a prior suit. *Texas Dep't of Public Safety v. Petta,* 44 S.W.3d 575, 579 (Tex.2001); *Barr,* 837 S.W.2d at 628. The doctrine is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact. *Petta,* 44 S.W.3d at 579; *Sysco Food Servs.,* 890 S.W.2d at 801. A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 288 (Tex.2002); *Indem. Ins. Co. v. City of Garland,* 258 S.W.3d 262, 271 (Tex.App.-Dallas 2008, no

pet.). Strict mutuality of parties is no longer required. *Petta,* 44 S.W.3d at 579; *Richards v. Comm'n for Lawyer Discipline,* 35 S.W.3d 243, 249 (Tex.App.-Houston [14th Dist.] 2000, no pet.). It is only necessary that the party against whom collateral estoppel is being asserted was a party or in privity with a party in the first action. *Eagle Props., Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990).

▪▪▪ MGA was not a party to the *Johnson* legal malpractice litigation against Chesnutt and did not have an opportunity to fully litigate whether it was entitled to be reimbursed from the sanctions awarded to Chesnutt in the *Johnson* judgment. MGA's claim against appellees was not essential to the underlying suit and MGA and Chesnutt were not cast as adversaries in the underlying suit. Further, appellees failed to direct the trial court to any summary judgment evidence in support of their argument that MGA was collaterally estopped from asserting its claim for money had and received against appellees. We conclude appellees failed to establish the elements of their collateral estoppel affirmative defense. *See Petta,* 44 S.W.3d at 579.

### Collateral Attack On A Judgment

▪▪▪ In their motion for summary judgment, appellees asserted that MGA's demand that the court determine that MGA is the owner of the sanctions award rather than Chesnutt is a collateral attack on the final judgment in the *Johnson* litigation. A collateral attack, as opposed to a direct attack, does not attempt to secure a corrected judgment; rather it is an attempt to avoid the effect of a judgment "in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment current-

ly stands as a bar against." *Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005). Only a void judgment may be collaterally attacked. *Id.; see also Dall. Cnty. Tax Collector v. Andolina,* 303 S.W.3d 926, 930 (Tex.App.-Dallas 2010, no pet.). Here, MGA does not contend the *Johnson* judgment was void nor does MGA attempt to "avoid the effect" of the *Johnson* judgment. On the contrary, MGA's claim seeks reimbursement of the attorney's fees and costs it incurred in providing a defense for Chesnutt from the same fees and costs awarded as sanctions in the *Johnson* judgment. *See St. Paul Fire & Marine,* 2002 WL 31771102, at *3. Appellees characterized MGA's claim as "an allegation that the judgment should have been for another party." However, appellees failed to support their contention. Therefore, we conclude appellees failed to conclusively establish all of the elements of their affirmative defense of collateral attack on a judgment. *Id.*

### C. AFFIRMATIVE DEFENSES OF CHESNUTT, P.C.

In sub-issue four, MGA asserts Chesnutt, P.C. failed to establish entitlement to summary judgment based on defenses arising out of the *Johnson* litigation because it was not a party to the *Johnson* litigation and not included in the *Johnson* judgment. Although Chesnutt, P.C. filed a verified denial of liability because it was not a party to the *Johnson* litigation, it did not move for summary judgment on that basis. Rather, it asserted the same bases for summary judgment as those asserted by Chesnutt individually. With the exception of an attack on the legal sufficiency of Chesnutt P.C.'s grounds for summary judgment, MGA was required to present to the trial court any reasons seeking to avoid Chesnutt, P.C.'s entitlement to summary judgment, "such as those set out in rules 93 and 94" of the Texas Rules of Civil Procedure. *Clear Creek Basin Auth.,* 589 S.W.2d at 678; *see also* TEX.R. CIV. P. 166a(c) (appellate courts will not consider any issues as grounds for reversal that were not presented to the trial court by written response). Accordingly, we need not address sub-issue four.

### IV. CONCLUSION

Because appellees failed to disprove at least one element of MGA's claim as a matter of law and failed to conclusively establish all the elements of any of their affirmative defenses, we conclude appellees' summary judgment was improperly granted. We reverse the trial court's summary judgment and remand for further proceedings.