**Reversed and Remanded and Opinion filed July 12, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00600-CV

## TROY COX, Appellant

### V.

## AIR LIQUIDE AMERICA, LP, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2013-28919**

## OPINION

In this appeal from a summary judgment, we are asked to decide whether the trial court correctly disposed of a premises-liability claim under Chapter 95 of the Civil Practice and Remedies Code. We conclude that the trial court erred by disposing of the claim because the property owner did not carry its summary-judgment burden of showing that Chapter 95 applied. We therefore reverse the trial court's judgment and remand the cause for additional proceedings consistent with this opinion.

## BACKGROUND

Troy Cox, the claimant below, was the employee of a contracting company, which had been hired to complete a project on premises owned by Air Liquide America, LP. Cox's job on the project was to repair one of Air Liquide's boilermakers. The boilermaker at issue had a heavy door that needed to be removed with a chain hoist. As he was lifting the door with the hoist, Cox noticed that the grate beneath his feet had begun to shift. Cox jumped to an adjacent grate to avoid a fall, and in the process of jumping, he allegedly suffered injuries to his back, legs, and other parts of his body.

Cox filed suit against Air Liquide, claiming that his injuries were proximately caused by Air Liquide's negligence. The allegations sounded in terms of premises liability. Specifically, Cox alleged that Air Liquide (1) knew or should have known that the grate was unsecured, (2) failed to exercise ordinary care by warning Cox of the unsecured grate, and (3) violated one or more building code standards by allowing the grate to be unsecured.[1]

Air Liquide moved for summary judgment on no-evidence and traditional grounds. Both grounds were predicated on the application of Chapter 95. In the no-evidence portion of its motion, Air Liquide asserted that Cox had no evidence that Air Liquide (1) exercised any control over the manner in which the work was performed, or (2) had actual knowledge of the unsecured grate. In the traditional portion of its motion, Air Liquide addressed just the first of these two elements,

---

[1] In his brief, Cox stated that he made a fourth allegation that he was injured "as a result of the directions and negligence of an Air Liquide employee and his negligent directions." In support of this allegation, Cox cited to his original petition instead of his amended petition, which would appear to be his live pleading. Regardless of which petition we examine, nothing in our record supports Cox's statement that he made this fourth allegation, or for that matter, any allegation resembling a claim for contemporaneous negligent activity.

arguing that the evidence conclusively established that Air Liquide did not exercise any control over the manner that Cox performed his work.

Cox filed a response, arguing in material part that Chapter 95 did not apply to his claim. The trial court granted Air Liquide's motion, and this appeal followed.

**ANALYSIS**

When a premises-liability claim is governed by the common law, the claimant can recover against the property owner if the claimant proves that the owner knew or reasonably should have known about a dangerous condition on the property and the owner failed to exercise reasonable care to protect against that dangerous condition. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). When a premises-liability claim is governed by Chapter 95, however, the claimant has a more difficult burden of proof. In a Chapter 95 case, the claimant must demonstrate that the owner had actual knowledge of the dangerous condition, which means that the owner cannot be held liable based merely on what the owner should have known after a reasonable inspection of the property. *See* Tex. Civ. Prac. & Rem. Code § 95.003(2).

The threshold question in this appeal is whether Cox's premises-liability claim is governed by the common law, as Cox argues, or by Chapter 95, as Air Liquide argues. If Chapter 95 applies, then it is Cox's "sole means of recovery." *See Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 51 (Tex. 2015).

Chapter 95 applies to the specific type of claim described in section 95.002 of the Civil Practice and Remedies Code. That provision states:

> This chapter applies only to a claim: (1) against a property owner . . . for personal injury . . . to . . . a contractor, or a

3

subcontractor or an employee of a contractor or subcontractor; and (2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

Tex. Civ. Prac. & Rem. Code § 95.002.

The property owner has the burden of establishing that Chapter 95 applies to the claim of the independent contractor. *See Rueda v. Paschal*, 178 S.W.3d 107, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If the owner makes this initial showing, then the contractor must prove that the owner both exercised control over the contractor's work and had actual knowledge of the dangerous condition that caused the contractor's injury. *See* Tex. Civ. Prac. & Rem. Code § 95.003. Each of these elements is essential to the contractor's claim. *Id.*

Air Liquide presented the issue of Chapter 95's applicability in the no-evidence portion of its motion for summary judgment. Because a party may not obtain a no-evidence summary judgment on an issue for which it bears the burden of proof, we construe this part of Air Liquide's motion as a motion for traditional summary judgment.[2] *See Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, No. 14-14-00604-CV, — S.W.3d —, 2016 WL 1237877, at *7 (Tex. App.—Houston [14th Dist.] Mar. 29, 2016, pet. filed) (citing

---

[2] Establishing that Chapter 95 applies is a necessary, but not a sufficient, step towards disposing of the claim. In the summary-judgment context, proving this point must be accomplished by traditional means because the owner has the burden of proof. Once that burden has been satisfied, the owner has at least two options: (1) the owner may assert that the contractor has no evidence of an essential element of its claim, as in a motion for no-evidence summary judgment; or (2) the owner may bring forth its own evidence and conclusively negate an essential element of the contractor's claim, as in a motion for traditional summary judgment. The contractor's burden, if any, would then depend on which of these options the owner chose. Applying these rules to the current case, we must begin with the portion of Air Liquide's motion that addresses the applicability of Chapter 95. If Air Liquide established that Chapter 95 applies to Cox's claim, then—and only then—will we examine the other grounds in Air Liquide's motion and Cox's response.

*Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 679 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

The movant on a motion for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant satisfies this initial burden on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude a summary judgment. *See City of Houston v. Clear Creek Basin. Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

We review summary judgments de novo. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). We also review the evidence presented by the motion and the response in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

The parties do not dispute that Cox's claim meets the description of subsection (1) of Section 95.002. The claim is against a property owner for personal injury, and Cox is an employee of a contractor or subcontractor. The parties disagree, however, about whether Cox's claim meets the description of subsection (2), which provides that the claim must arise from "the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement." *See* Tex. Civ. Prac. & Rem. Code § 95.002(2).

In its motion, Air Liquide argued that Chapter 95 applied because Cox and his contracting company were "performing contract construction work, improving

the real estate owned by Air Liquide." Air Liquide did not specifically address the meaning of "improvement," nor argue whether the boilermaker and the unsecured grate were separate improvements.

In his response, Cox argued that Chapter 95 did not apply because his injury arose from the unsecured grate, which he was not hired to repair and which was existing on the premises before he had even entered. Air Liquide filed a reply, wherein it relied on two separate cases: one from a Texas intermediate court of appeals, and the other from a federal district court. Based on those two authorities, Air Liquide argued, "[I]t is not required that the improvement being worked on actually caused the injury." In Air Liquide's view, Chapter 95 must apply simply because Cox's injury occurred on Air Liquide's premises, where Cox was performing his work.

During the pendency of this appeal, the Texas Supreme Court decided *Ineos USA, LLC v. Elmgren*, which clarified the scope of Chapter 95. *See Ineos USA, LLC v. Elmgren*, No. 14-0507, — S.W.3d —, 2016 WL 3382144, at *7 (Tex. June 17, 2016). The Supreme Court held: "Chapter 95 only applies when the injury results from a condition or use of *the same improvement* on which the contractor (or its employee) is working when the injury occurs." *Id.* (emphasis added). Thus, for Air Liquide to meet its summary-judgment burden, Air Liquide must establish that Cox's claim arises from a condition or use of the same improvement that Cox was hired to construct, repair, renovate, or modify.

Chapter 95 does not contain a definition for "improvement," but the Supreme Court has held that it should be broadly construed to include "all additions to the freehold except for trade fixtures that can be removed without injury to the property." *Id.* However, this definition does not mean that everything attached to a structure may be regarded collectively as a single improvement.

6

In *Hernandez v. Brinker International, Inc.*, this court was asked to determine whether Chapter 95 applied to a premises-liability claim from an independent contractor who was injured while repairing an air conditioner that was attached to the roof of a building. *See Hernandez v. Brinker Int'l, Inc.*, 285 S.W.3d 152 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (plurality op.). The contractor's injury arose from a defect in the roof, which collapsed as the air conditioner was being serviced. *Id.* at 154. Writing for a plurality, Justice Brown held that Chapter 95 did not apply to the contractor's claim because the roof and the air conditioner were different improvements, and the claim arose from a condition of the roof, which the contractor had not been hired to repair. *Id.* at 157, 161.

The facts of *Hernandez* are analogous here. In both cases, a contractor was hired to repair a fixture, and the contractor allegedly suffered injuries because the surface around that fixture was defective.

In *Elmgren*, the Texas Supreme Court cited approvingly to *Hernandez* and its conclusion that the injury in that case "arose from a different improvement than the one the plaintiff was repairing." *See Elmgren*, 2016 WL 3382144, at *7. Because Air Liquide never argued or produced any summary-judgment evidence that Cox was on the premises to repair the grate, the improvement that allegedly caused his injuries, or that the grate was part of the improvement that he was hired to repair, we hold that Air Liquide did not carry its summary-judgment burden of showing that Chapter 95 applied. *See* Tex. Civ. Prac. & Rem. Code § 95.002(2); *Hernandez*, 285 S.W.3d at 161.

We conclude that Air Liquide did not establish that it was entitled to judgment as a matter of law. In light of this conclusion, we need not address Cox's remaining appellate arguments, which focus on his summary-judgment response

7

and his objections to Air Liquide's traditional summary-judgment evidence. *See* Tex. R. App. P. 47.1.

## CONCLUSION

The trial court's judgment is reversed and the cause is remanded for additional proceedings.


/s/     Tracy Christopher
Justice


Panel consists of Justices Christopher, McCally, and Busby.