# Supreme Court of Texas

No. 21-0197

Weekley Homes, LLC,

*Petitioner*,

v.

John Paniagua; and Hermelinda Maravilla Corona, Jose Camerino Maravilla, Sr., and Margarita Maravilla, Individually, as Personal Representatives of the Estate of Jose Camerino Maravilla, Deceased, and as Next Friend of S.L.M.S., E.H., L.A.S., and J.J.M., Minors,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

In this negligence and premises-liability case arising from a fatal construction-site accident, the trial court granted summary judgment for the defendant, but the court of appeals reversed in part, holding that the defendant could not rely on allegations in the plaintiffs' pleadings to satisfy its summary-judgment burden because pleadings do not constitute summary-judgment evidence. ___ S.W.3d ___, 2021 WL 118663, at *1, *8 (Tex. App.—Dallas Jan. 13, 2021). While it is true that "pleadings generally do not qualify as summary-judgment 'evidence' . . .

courts may [nonetheless] grant summary judgment based on deficiencies in an opposing party's pleadings," and summary-judgment movants may rely on allegations in an opposing party's pleadings that constitute judicial admissions. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818-20 (Tex. 2021) (emphasis omitted); *see Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 508-09 (Tex. 2022). In applying the general rule and holding that the plaintiffs' petition could not constitute competent summary-judgment evidence, the lower court did not have the benefit of our recent opinions in *Regency* and *Energen*. We therefore remand this case to the court of appeals for further consideration in light of these decisions and, as appropriate, other subsequently issued opinions providing guidance on the substantive legal issues presented, including *Los Compadres Pescadores, LLC v. Valdez*, 622 S.W.3d 771 (Tex. 2021).

Weekley Homes, LLC hired Leobardo Maravilla, an independent contractor, to work on Weekley's new townhome construction project. Leobardo's work crew—which included his brother, Jose Camerino Maravilla, and John Paniagua[1]—did the framing and installation of siding, windows, and plywood decking for each townhome's roof and completed other tasks on an as-needed basis. Each townhome under construction had an adjacent concrete driveway and a temporary electricity pole (T-pole) that provided electricity for the work crew's tools and equipment.

On the day of the accident that claimed Jose's life, rain had been falling intermittently, making the concrete surface of the driveway wet.

---

[1] Because Leobardo and Jose share a common surname, we refer to them by their first names to avoid confusion.

Lightning events had also occurred in the area. While Jose, Leobardo, and Paniagua were on the rain-soaked driveway moving a metal scaffold—allegedly at the direction of and in the manner previously demonstrated by Weekley's agent—the scaffold came within six to ten feet of the T-pole's power line. Contemporaneously, Jose was electrocuted, and Paniagua was reportedly injured by an electric shock. The source of injury is alleged to be electricity that originated from either the T-pole or lightning, which was conducted by water that had accumulated on the driveway.

Paniagua and several of Jose's relatives (collectively, the plaintiffs) sued Weekley for negligence, gross negligence, and premises liability. After discovery, Weekley filed combined traditional and no-evidence summary-judgment motions, asserting that Chapter 95 of the Texas Civil Practice and Remedies Code applies and precludes its liability on the theories alleged. 2021 WL 118663, at *1.

When applicable, Chapter 95 "limits a real property owner's liability for common-law negligence claims that arise out of a contractor's or subcontractor's work on an improvement to the property." *Energen*, 642 S.W.3d at 509. But Chapter 95 applies only to a claim

> (1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and

> (2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

3

TEX. CIV. PRAC. & REM. CODE § 95.002. If the defendant meets its burden of establishing both of these elements, Chapter 95 provides the plaintiff's "sole means of recovery" against the property owner, and the burden shifts to the plaintiff to establish the property owner's liability under the statute. *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 51 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE § 95.003 (shielding property owners from negligence liability absent actual or retained control or actual knowledge of and failure to adequately warn about the danger or condition).

As evidence of the second prong—that the claims here arise "from the condition or use of an improvement to real property" that the workers were "construct[ing], repair[ing], renovat[ing], or modif[ying]"—Weekley's summary-judgment motion relied only on statements in the plaintiffs' live petition to the effect that they "were working" at the driveway and "working at" the townhome construction site when the accident occurred. After a hearing, the trial court granted summary judgment in Weekley's favor on all claims.[2]

The court of appeals affirmed summary judgment on the gross-negligence claims but reversed as to the negligence and

---

[2] After granting summary judgment for Weekley, the trial court severed and transferred the claims against Weekley to a court where a related case was pending. 2021 WL 118663, at *4. Afterward, the plaintiffs moved for reconsideration and a new trial before the transferee court. *Id.* As new evidence, the plaintiffs sought to introduce expert reports regarding lightning activity at the time of the accident and to designate two expert witnesses regarding the same. *Id.* at *4-5. Weekley responded to the motions and moved to strike the expert designations as untimely, prompting the plaintiffs to request leave to late-designate the expert witnesses. *Id.* at *5-6. The transferee court summarily denied the plaintiffs' motions, but on appeal, the court of appeals ruled favorably to the plaintiffs on these matters. *Id.* at *8-14. Weekley has not challenged those holdings on appeal to this Court.

premises-liability claims, holding that Weekley had not conclusively established Chapter 95's applicability.[3] 2021 WL 118663, at *2, *6, *14. The court first determined that the plaintiffs' appellate brief challenging Chapter 95's applicability "fairly include[d] a legal sufficiency challenge to both [of Section 95.002's] prongs" even though "the bulk of" the brief's Section 95.002 argument "pertain[ed] to that section's first prong—Weekley's burden to show ownership of the property where the accident occurred." *Id.* at *7; *see Abutahoun*, 463 S.W.3d at 48 ("Despite identifying three potential defendants in the applicability provision of section 95.002, the Legislature limited only a property owner's liability in section 95.003."). Then, assuming without deciding that Weekley had produced legally sufficient evidence to satisfy the first prong, the court held that Weekley "cited no evidence" with respect to the second prong and, accordingly, had not satisfied its burden to demonstrate Chapter 95's applicability. 2021 WL 118663, at *8. The court supported that conclusion with a case citation and parenthetical to the effect that "[p]leadings do not constitute summary judgment evidence." *Id.* (quoting *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 815 (Tex. App.—Dallas 2012, no pet.)). The court did not decide the substantive legal issue of whether the plaintiffs' claims "arise[] from the condition or use of an improvement to real property" that Paniagua and Jose were "construct[ing], repair[ing], renovat[ing], or modif[ying,]" but the court nevertheless stated that precedent had "specifically rejected" any notion "that because the townhomes 'included' freehold additions,

---

[3] The plaintiffs have not appealed the adverse ruling on their gross-negligence claims. *See* TEX. R. APP. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review.").

5

all such additions [including the driveway] constituted a single improvement for subsection 95.002(2) purposes." *Id.* (citing *Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 567 (Tex. 2016), and *Hernandez v. Brinker Int'l, Inc.*, 285 S.W.3d 152, 156-58 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

In this Court, Weekley first argues that the plaintiffs did not preserve the subsection 95.002(2) issue—whether Weekley conclusively established that the claims here arise from the condition or use of the relevant improvement to real property—because they "did not substantively argue" that issue in the briefing below. Although the plaintiffs admittedly did not challenge the second prong of Section 95.002 in response to Weekley's summary-judgment motion, "a non-movant who fails to raise any issues in response to a summary judgment motion may still challenge, on appeal, 'the legal sufficiency of the grounds presented by the movant.'" *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)). "This is because 'summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right' to judgment." *Id.* at 511-12 (quoting *McConnell*, 858 S.W.2d at 343). Accordingly, even though the plaintiffs did not argue subsection 95.002(2) to the trial court, they could still challenge the sufficiency of the evidence to support summary judgment on appeal. *See id.* The question here is whether they did, and we agree with the court of appeals that the legal-sufficiency issue was adequately presented.

The issue statement in the plaintiffs' appellate-court briefing asserted error in the trial court's conclusion that Weekley "conclusively proved that Chapter 95 . . . applied." As the court of appeals noted, we treat issue statements in briefs as "covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(f). We "generally hesitate to turn away claims based on waiver or failure to preserve the issue[, and] we . . . construe briefing 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver.'" *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 221-22 (Tex. 2017) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry*, 272 S.W.3d at 587. A brief's issue statement "is sufficient if it directs the attention of the appellate court to the error about which [the] complaint is made." *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995).

Chapter 95 cannot "apply" unless subsections 95.002(1) and 95.002(2) are satisfied. The contentions in Paniagua's brief to the court of appeals quote both prongs, describe Weekley's burden to conclusively establish both, and cite authority explaining that burden. *See* 2021 WL 118663, at *7. Although the brief substantively devotes argument to subsection (1), Paniagua adequately presented a legal-sufficiency challenge to subsection (2) because the issue statement in the appellate brief "direct[ed] the attention of the appellate court to the error about which [the] complaint is made"—that the trial court erroneously concluded that Chapter 95 applies as a matter of law. *See Anderson*, 897 S.W.2d at 784. The question of whether Weekley had conclusively established both prongs—as necessary to prevail on its

7

summary-judgment motion—was "fairly included" in Paniagua's issue statement. *See* TEX. R. APP. P. 38.1(f); *see also First United Pentecostal Church*, 514 S.W.3d at 221-22.

Weekley next argues that the court of appeals erred in concluding that Weekley failed to produce any evidence to satisfy subsection (2) because "[p]leadings do not constitute summary judgment evidence." 2021 WL 118663, at *8 (quoting *MGA Ins. Co.*, 358 S.W.3d at 815). As the property owner, Weekley had the initial burden to conclusively establish that Chapter 95 applies. *See Cox v. Air Liquide Am., LP*, 498 S.W.3d 686, 689 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999) ("The nonmovant [in a traditional summary-judgment motion] has no burden to respond . . . unless the movant conclusively establishes its cause of action or defense.").[4] A critical disputed issue is whether the townhome and driveway comprise the same "improvement" for Chapter 95 purposes. Weekley's only evidence to that effect is the plaintiffs' live petition.

As a general proposition, pleadings are not competent summary-judgment evidence, even if they are sworn or verified. *Regency*, 622 S.W.3d at 818 (citing *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995)). "But even in the summary-judgment context, pleadings 'outline the issues,' and courts

---

[4] Although Weekley's summary-judgment motion included traditional and no-evidence grounds, "a party may not obtain a no-evidence summary judgment on an issue for which it bears the burden of proof." *Cox*, 498 S.W.3d at 689; *see* TEX. R. CIV. P. 166a(i) (authorizing a no-evidence summary-judgment motion only on a claim or defense "on which an adverse party would have the burden of proof at trial"). Accordingly, we construe the relevant portion of Weekley's motion as one for traditional summary judgment.

8

may grant summary judgment based on deficiencies in an opposing party's pleadings." *Id.* (emphasis omitted) (quoting *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971)); *see also Energen*, 642 S.W.3d at 512 n.9. A summary-judgment movant may also rely on allegations in a petition "as truthful judicial admissions." *Regency*, 622 S.W.3d at 819.

In *Regency*, which we decided last term, Regency sought summary judgment on an affirmative defense of limitations. *Id.* We explained that Regency could establish that it was entitled to summary judgment by treating the plaintiff's pleaded allegations about the timeline of certain events "as truthful judicial admissions and rely[ing] on them to define the issues and determine whether [the plaintiff's] claims necessarily accrued beyond the limitations period." *Id.* at 819-20; *see also Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."). Even more on point (and even more recently), we held in *Energen* that "[f]or summary judgment purposes, [a defendant] can rely on [the] plaintiffs' allegations to demonstrate the applicability of Chapter 95." 642 S.W.3d at 512 n.9 (citing *Regency*, 622 S.W.3d at 818-19). Contrary to the court of appeals' categorical statement that "[p]leadings do not constitute summary judgment evidence," judicial admissions in an opposing party's pleadings may be used as evidence to support a summary-judgment motion.[5] *Regency*, 622 S.W.3d at 819.

---

[5] A party cannot, however, rely on its *own* pleaded allegations as evidence to support or oppose a motion for summary judgment. *Regency*, 622 S.W.3d at 819.

The court of appeals issued its decision in this case without the benefit of our *Regency* and *Energen* opinions, and it should have the opportunity to determine, in light of this authority, whether allegations in the plaintiffs' pleadings constitute judicial admissions of material facts. Depending on the court's disposition of that issue, the court may also find our opinions in *Energen* and *Los Compadres* instructive on the substantive legal issues presented.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment in part and remand to the court of appeals for further consideration consistent with this opinion. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** June 17, 2022