**Opinion issued August 3, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-22-00187-CV**

————————————

**DHARMESH PATEL, MD, AND AVINASH PATEL, Appellants**

**V.**

**SWETANSHU CHAUDHARI, MD, Appellee**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-05241A**

## MEMORANDUM OPINION

Appellants Dr. Dharmesh Patel and Avinash Patel (collectively, "the Patels")

asserted claims against Dr. Swetanshu Chaudhari—Dharmesh's former brother-in-

law and Avinash's former son-in-law—for breach of contract, promissory estoppel,

money had and received, and unjust enrichment.[1] Swetanshu moved for traditional and no-evidence summary judgment on the Patels' claims. The trial court granted Swetanshu's summary judgment motion and dismissed the Patels' claims with prejudice.

On appeal, the Patels raise three issues, contending that (1) the trial court erred by granting traditional summary judgment because the statute of limitations for claims based on a promissory note is six years and the Patels filed suit within that time period; (2) the trial court erred by granting traditional summary judgment on the Patels' claims for promissory estoppel, money had and received, and unjust enrichment because the statute of limitations did not begin to run until May 2017, and the Patels timely filed suit in January 2019; and (3) they raised a fact issue on the existence of the debts allegedly owed by Swetanshu, and therefore the trial court erred by granting no-evidence summary judgment on each of the Patels' claims.

We affirm in part and reverse and remand in part.

## Background

Dr. Swetanshu Chaudhari is a plastic surgeon in the Houston area. He used to be married to Neepa Patel Chaudhari, the sister of Dharmesh and the daughter of Avinash. Swetanshu and Neepa divorced in 2017. Neepa is not a party to this appeal.

---

[1] Because multiple parties share last names, we refer to the individuals involved in this case by their first names.

Years ago, Swetanshu wanted to open his own plastic surgery practice but needed funds to do so. On May 24, 2011, while Swetanshu and Neepa were still married, Swetanshu executed a promissory note in favor of Avinash. The note recited that Swetanshu promised to pay Avinash $250,000 using one of two repayment methods specified in the note. The note gave Swetanshu the option to make 50 monthly payments of $5,000 beginning on January 1, 2015. Or Swetanshu could make one lump sum payment of $250,000 on January 1, 2015. Swetanshu signed this note, and Neepa signed as a witness. It is undisputed that Swetanshu did not make any payments on this note on January 1, 2015, or at any time thereafter.

At some point in 2015, Neepa filed for divorce from Swetanshu in Galveston County. The Patels allege that during the pendency of the contentious divorce proceedings, Swetanshu did not pay spousal support for Neepa, child support, or community expenses. As a result of Swetanshu's alleged failure to support Neepa and the children, Dharmesh allegedly advanced $95,000 to his sister "to pay for community debt" and Avinash allegedly advanced $24,911 to his daughter to pay mortgage payments. The Patels were not parties in the divorce proceeding.

A Galveston County court signed a final divorce decree on May 24, 2017. As part of the property division, the Galveston County court ordered Swetanshu to pay certain debts and liabilities "as of January 25, 2017," the first day of trial in the divorce proceeding. These listed debts and liabilities included:

3

h.  Any principal, interest and penalties if owed on the debt to Avinash Patel in the amount of $24,911.00 for monies borrowed by Neepa Patel Chaudhari to pay past due mortgage payments on [the] marital home;

i.  Any principal, interest and penalties if owed on the debt to Avinash Patel in the amount of $250,000.00 borrowed by Swetanshu Chaudhari for starting Suncoast Plastic Surgery Center, PLLC; [and]

j.  Any principal, interest and penalties if owed on the debt to Dr. Dharmesh Patel in the amount of $95,000.00 borrowed by Neepa Patel Chaudhari to pay various community debt.

Swetanshu did not appeal from the divorce decree.

The Patels filed suit against Swetanshu on January 23, 2019. They alleged that the May 2017 divorce decree required Swetanshu to make certain payments, including a payment of $95,000 to Dharmesh, and payments of $24,911 and $250,000 to Avinash. They alleged that Swetanshu had not paid any of these obligations. The Patels asserted a claim for breach of contract based on both the promissory note and the payments Swetanshu was ordered to make in the divorce decree. They also asserted claims for money had and received, promissory estoppel, and unjust enrichment, alleging that Swetanshu promised to pay them certain amounts in the divorce decree but then failed to pay.

Swetanshu moved for traditional and no-evidence summary judgment on the Patels' claims.[2] Swetanshu argued that he was entitled to traditional summary judgment on the Patels' claims based on the promissory note because these claims were barred under all applicable statutes of limitations. The promissory note obligated Swetanshu to make monthly payments beginning on January 1, 2015, or a lump sum payment on January 1, 2015. Any breach of this note therefore would have occurred by January 2, 2015. However, the statute of limitations for money had and received and unjust enrichment was two years, and limitations period for breach of contract and promissory estoppel was four years. The Patels filed suit on January 23, 2019, more than four years after any alleged breach.

Swetanshu moved for no-evidence summary judgment on the Patels' claims that were based upon the May 2017 divorce decree. Swetanshu argued that the Patels had presented no evidence of the validity of the alleged loans, such as financial statements demonstrating that the Patels had actually loaned funds to Swetanshu. He further argued that, in the divorce decree, the Galveston County court qualified the payment of the alleged debts by stating, "*Any* principal, interest and penalties *if owed*" to the Patels. In contrast, the Galveston County court did not use qualifying language with respect to other debts listed in the divorce decree, stating instead, "All

---

[2]     Prior to Swetanshu's summary judgment motion, the Patels moved for traditional summary judgment on their own claims. The trial court denied this motion. The Patels do not complain about this ruling on appeal.

5

principal, interest and penalties owed on the debt to" different named creditors. He thus argued that the divorce decree itself did not satisfy any element of the Patels' claims. Instead, they had to demonstrate that valid agreements existed to loan the specified funds to Neepa and Swetanshu, and the Patels actually loaned the funds for the purposes specified in the divorce decree, but Swetanshu had not made any payments on these debts. Swetanshu argued that the Patels had not made this showing.

In response to the traditional portion of Swetanshu's summary judgment motion, the Patels argued that the $250,000 promissory note was a negotiable instrument. Under the Business and Commerce Code, the applicable statute of limitations for enforcement of a negotiable instrument is six years, and therefore the Patels timely filed suit on this claim. The Patels also argued that it was not until the signing of the divorce decree that the debts mentioned in that decree were determined to be the sole responsibility of Swetanshu, and thus limitations did not begin running until May 24, 2017, the date the Galveston County court signed the decree.

With respect to the no-evidence portion of Swetanshu's motion, the Patels attached two declarations. Dharmesh declared that he "advanced $95,000 to [his] sister, Neepa Chaudhari Patel, to pay for community debt during her divorce when [Swetanshu] refused to pay for things that were his responsibility." Similarly, Avinash declared that he "advanced $24,911 to [his] daughter, Neepa Chaudhari

Patel, to pay for the mortgage for the home she shared with her three children during her divorce when [Swetanshu] refused to make the monthly mortgage payments." Avinash also declared that he "lent $250,000.00 to [Swetanshu] on May 24, 2011," pursuant to the promissory note. The Patels also attached the promissory note and the divorce decree. They argued that this evidence raised a fact issue that Swetanshu owed debts to them, and these debts had not been paid.

Both declarations included statements that the Galveston County court found the alleged debts to be "the sole responsibility of" Swetanshu in the divorce decree. Swetanshu objected to these statements, arguing that the Patels lacked personal knowledge of what happened in the divorce proceeding and that the statements were conclusory. Swetanshu did not object to any other statements in the declarations. Swetanshu did, however, argue that the declarations were self-serving, the declarations were not supported by any relevant financial records, and the declarations were not strong enough to raise a fact issue on whether the Patels loaned money to Swetanshu or Neepa.

The trial court granted Swetanshu's traditional and no-evidence summary judgment motion and dismissed the Patels' claims with prejudice. This appeal followed.

**Summary Judgment**

In their first and second issues, the Patels contend that the trial court erred by granting traditional summary judgment based on the statute of limitations. Specifically, in their first issue, the Patels argue that the promissory note was a negotiable instrument and therefore the applicable statute of limitations is six years. In their second issue, the Patels argue that the statute of limitations on their other claims did not begin running until the Galveston County court signed the divorce decree on May 24, 2017, and therefore the Patels timely filed suit in January 2019.

In their third issue, the Patels contend that the trial court erred by granting no-evidence summary judgment on their claims because they presented evidence raising a fact issue on whether Swetanshu owed the debts at issue. Because this issue relates to the no-evidence portion of Swetanshu's summary judgment motion, we address the Patels' third issue first.

*A.* ***Standard of Review***

We review a trial court's summary judgment ruling de novo. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021). When the trial court does not specify the grounds it relied upon in making its determination, we must affirm the summary judgment ruling if any of the grounds asserted are meritorious. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). If a party moves for summary judgment on both

8

traditional and no-evidence grounds, as Swetanshu did here, we first consider the no-evidence portion of the motion. *Id.* If the nonmovants do not overcome their no-evidence burden "on any claim, we need not address the traditional motion to the extent it addresses the same claim." *Id.*

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which an adverse party would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact on the challenged elements. *Id.*; *Lightning Oil*, 520 S.W.3d at 45. To be entitled to traditional summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *see* TEX. R. CIV. P. 166a(c). If the movant satisfies this burden, the burden shifts to the nonmovant to raise a fact issue precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

A fact issue on an element exists if more than a scintilla of evidence establishes the existence of the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to

9

differ in their conclusions. *Id.* at 601 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). The evidence is less than a scintilla if it is so weak that it does no more than create a mere surmise or suspicion of the fact's existence. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

When reviewing a summary judgment motion, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

## B.     *Whether the Patels Raised a Fact Issue on Their Claims*

The Patels asserted four claims against Swetanshu: breach of contract; money had and received; promissory estoppel; and unjust enrichment. The Patels alleged that based upon the May 2017 divorce decree, Swetanshu owed Dharmesh $95,000 and owed Avinash $24,911. Avinash also alleged that Swetanshu owed him $250,000 based on the promissory note that Swetanshu executed in 2011. Swetanshu moved for no-evidence summary judgment on each of the Patels' claims.

### 1.     **The Patels' breach of contract claim and whether their declarations are conclusory**

To prevail on a claim for breach of contract, the plaintiff must establish that: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform

or tender performance as contractually required; and (4) the plaintiff sustained damages as a result of the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 180 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

A promissory note is a contract evincing an obligation to pay money. *Jim Maddox Props., LLC v. WEM Equity Cap. Invs., Ltd.*, 446 S.W.3d 126, 132 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see Charles R. Tips Fam. Tr. v. PB Com. LLC*, 459 S.W.3d 147, 152 n.2 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("A promissory note is: An unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person.") (internal quotations omitted). To recover on a promissory note, the plaintiff must prove: (1) the note in question; (2) the defendant signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note. *Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting *Geiselman v. Cramer Fin. Grp., Inc.*, 965 S.W.2d 532, 536 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

"In an action by a holder of a promissory note against the maker, where execution of the note has not been denied, the introduction of the note in evidence makes a prima facie case for the holder." *Strickland v. Coleman*, 824 S.W.2d 188,

11

191 (Tex. App.—Houston [1st Dist.] 1991, no writ). When the maker's signature on the note is admitted or established, production of the promissory note entitles a holder to recover on it unless the defendant establishes a defense. *Id.* at 192.

Swetanshu argues that the Patels did not present evidence raising a fact issue on the existence of any debts. Specifically, he argues that Avinash presented no evidence that he actually loaned money to Swetanshu under the promissory note. He also argues that neither Avinash nor Dharmesh presented evidence that any agreement existed to loan money to Neepa during the pendency of her divorce or that they actually loaned Neepa any money. He argues that the Patels' declarations are self-serving, conclusory, and do not raise more than a scintilla of evidence on the existence of the debts. We disagree.

Conclusory statements in an affidavit that are unsupported by facts are insufficient to support or defeat summary judgment. *Hall v. Bean*, 416 S.W.3d 490, 493 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) ("Conclusory affidavits are not enough to raise fact issues."). "A conclusory statement is one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary-judgment proof." *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Tr. I*, 331 S.W.3d 500, 512 (Tex. App.—El Paso 2010, no pet.); *see Concierge Nursing Ctrs., Inc. v. Antex Roofing, Inc.*, 433 S.W.3d 37, 50 (Tex. App.—Houston [1st Dist.]

12

2013, pet. denied) ("Conclusory means [e]xpressing a factual inference without stating the underlying facts on which the inference is based.") (internal quotations omitted). Conclusory statements are "neither credible nor susceptible to being readily controverted." *Hall*, 416 S.W.3d at 493; *see Houle v. Casillas*, 594 S.W.3d 524, 560 (Tex. App.—El Paso 2019, no pet.).

The mere fact that an affidavit is self-serving does not necessarily mean that it is improper summary judgment evidence. *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). Summary judgment may be based upon the uncontroverted testimony of an interested witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. "'Could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence." *Trico Techs.*, 949 S.W.2d at 310.

Avinash stated as follows in his declaration:

I advanced $24,911.00 to my daughter, Neepa Chaudhari Patel, to pay for the mortgage for the home she shared with her three children during her divorce when Dr. Chaudhari refused to make the monthly mortgage payments. I also lent $250,000.00 to Dr. [Chaudhari] on May 24, 2011. Attached to the affidavit is a true and correct copy of the promissory note. It was created at the time the loan was made and I am the custodian of records. I kept this note in the usual course and scope of acting as a lender on the note. Dr. Chaudhari was supposed to begin payments on

13

January 1, 2015, or pay the entire amount by that date. To date, he has not paid anything to me on the promissory note. On May 24, 2017, the court found this debt to be the sole responsibility of Dr. Chaudhari. I instructed my attorney to send a demand letter for payment, which was sent on July 9, 2018. We then filed suit. To date, Dr. Chaudhari has not made one payment to repay me for the mortgage payments or on the promissory note.

Avinash attached the promissory note and the divorce decree as summary judgment evidence.

Dharmesh stated as follows in his declaration:

I advanced $95,000 to my sister, Neepa Chaudhari Patel, to pay for community debt during her divorce when Dr. Chaudhari refused to pay for things that were his responsibility. On May 24, 2017, the court found this debt to be the sole responsibility of Dr. Chaudhari. I instructed my attorney to send a demand letter for payment, which was sent on July 9, 2018. We then filed suit. To date, Dr. Chaudhari has not made one payment to repay me for the $95,000 I expended on his debts during the divorce.

The mere fact that the declarations are self-serving does not render them improper summary judgment evidence. *See id.* The Patels' declarations are clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies. *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. The Patels' declaration testimony "could have been effectively countered by opposing evidence," including affidavit testimony from Neepa that the Patels did not advance funds to her during her divorce or affidavit testimony from Swetanshu that he never received $250,000 from Avinash pursuant to the promissory note. *See Trico Techs.*,

14

949 S.W.2d at 310. The Patels' declarations, therefore, "could have been readily controverted." *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310.

We also conclude that the Patels' declarations are not conclusory on the existence of the debts. Avinash declared that he "advanced"[3] Neepa $24,911 "to pay for the mortgage for the home she shared with her three children during her divorce when [Swetanshu] refused to make the monthly mortgage payments." He also declared that he "lent $250,000 to [Swetanshu] on May 24, 2011" pursuant to a promissory note. A copy of the note—signed by Swetanshu—was included in Avinash's summary judgment evidence. Dharmesh declared that he advanced Neepa $95,000 "to pay for community debt during her divorce when [Swetanshu] refused to pay for things that were his responsibility." These statements are all assertions of fact, not unsupported conclusions or inferences. *See Eberstein v. Hunter*, 260 S.W.3d 626, 629 (Tex. App.—Dallas 2008, no pet.) (concluding that affidavit calculating amounts of unpaid contractual alimony payments for four time periods and stating aggregate amount of unpaid payments was not conclusory because statements were recitations of facts based on personal knowledge).

Swetanshu argues that no reasonable factfinder could determine that the Patels loaned the challenged amounts to him because the Patels provided no details about

---

[3]     One definition of "advance" is "to supply or furnish in expectation of repayment." *Advance*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/advance (last visited July 28, 2023).

the loans or any corroborating financial records, and the Patels' discovery responses concerning the alleged loans were "evasive." However, in this summary judgment proceeding, the Patels were not required to marshal all their proof on their claims. Instead, they were merely required to present more than a scintilla of evidence raising a fact issue. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) ("Although the nonmoving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements."). We conclude that they did so. A lack of detail about the alleged loan transactions or a lack of documentary evidence corroborating the alleged loans may affect the weight and credibility of the Patels' claims, but that is a question for the factfinder. The Patels' declarations—which include unequivocal statements that Dharmesh advanced $95,000 to Neepa during the pendency of her divorce, Avinash advanced $24,911 to Neepa during her divorce, and Avinash loaned $250,000 to Swetanshu in 2011 pursuant to a promissory note—provide more than a scintilla of evidence of the existence of the three debts at issue in this appeal.

As summary judgment evidence, the Patels presented the May 2017 divorce decree, which provided that Swetanshu was to pay numerous "debts, charges, liabilities, and obligations as of January 25, 2017" as part of the division of the marital estate. These debts included:

> h.     Any principal, interest and penalties if owed on the debt to
>          Avinash Patel in the amount of $24,911.00 for monies borrowed

by Neepa Patel Chaudhari to pay past due mortgage payments on [the] marital home;

i.    Any principal, interest and penalties if owed on the debt to Avinash Patel in the amount of $250,000.00 borrowed by Swetanshu Chaudhari for starting Suncoast Plastic Surgery Center, PLLC; [and]

j.    Any principal, interest and penalties if owed on the debt to Dr. Dharmesh Patel in the amount of $95,000.00 borrowed by Neepa Patel Chaudhari to pay various community debt.

In addition to the statements discussed above, Dharmesh declared that Swetanshu "has not made one payment to repay [Dharmesh] for the $95,000.00 [he] expended on [Swetanshu's] debts during the divorce."

Avinash declared that a promissory note "was created at the time the loan was made," and his summary judgment evidence includes a promissory note in the amount of $250,000 that Swetanshu signed on May 24, 2011. This promissory note sets out two payment options: (1) fifty monthly payments of $5,000 beginning on January 1, 2015; or (2) a lump sum payment of $250,000 on January 1, 2015. Swetanshu acknowledges that he executed this promissory note. Avinash declared that Swetanshu "has not paid anything to [Avinash] on the promissory note," nor has he "made one payment to repay [Avinash] for the mortgage payments."

We conclude that the Patels' summary judgment evidence—which included the May 2017 divorce decree, the May 2011 promissory note signed by Swetanshu, and the Patels' declarations—raises a fact issue on whether: (1) Swetanshu agreed

17

to borrow $250,000 from Avinash pursuant to a promissory note; (2) Avinash "lent $250,000.00" to Swetanshu in May 2011; (3) Avinash advanced $24,911 to Neepa during the pendency of her divorce to pay mortgage payments; (4) Dharmesh advanced $95,000 to Neepa during the pendency of her divorce to pay community debts; (5) the debts incurred during the divorce proceeding were determined to be Swetanshu's responsibility; and (6) Swetanshu had repaid any portion of the debts to the Patels. We conclude that because the Patels raised more than a scintilla of evidence on each element of their breach of contract claim challenged by Swetanshu, the trial court erred in granting no-evidence summary judgment on this claim.

### 2. The Patels' money had and received claim

Money had and received is an equitable doctrine applied to prevent unjust enrichment. *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 302 n.4 (Tex. 2015) (quoting *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 813 (Tex. App.—Dallas 2012, no pet.)); *Trimcos, LLC v. Compass Bank*, 649 S.W.3d 907, 915 (Tex. App.—Houston [1st Dist.] 2022, pet. denied). This cause of action is not premised on wrongdoing, but instead "looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another." *Plains Expl. & Prod.*, 473 S.W.3d at 302 n.4. (quoting *MGA Ins.*, 358 S.W.3d at 813). To prove this claim, the plaintiff must show that a defendant holds money which in equity and good conscience belongs to him. *Id.*

18

Here, although the Patels presented evidence that they advanced money to Neepa during her divorce to pay community expenses such as mortgage payments, they presented no evidence that Swetanshu received any of these funds. When considering whether to allow recovery under the doctrine of money had and received, courts inquire "whether the defendant *has received* money which rightfully belongs to another." *See id.* (emphasis added). Because the Patels presented no evidence that Swetanshu holds either the $24,911 that Avinash allegedly loaned to Neepa or the $95,000 that Dharmesh allegedly loaned to Neepa, we conclude that the Patels' summary judgment evidence did not raise a fact issue that Swetanshu "holds money which in equity and good conscience belongs to" the Patels. *See id.* We conclude that the trial court did not err to the extent it granted no-evidence summary judgment to Swetanshu on the Patels' claim for money had and received.

### 3.    The Patels' promissory estoppel claim

Promissory estoppel is an equitable doctrine that "prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005) (orig. proceeding) (quoting *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965)). This cause of action is "a viable alternative to breach of contract." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). To recover on a claim for promissory estoppel, the plaintiff must establish: (1) a promise;

19

(2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *Davis v. Tex. Farm Bureau Ins.*, 470 S.W.3d 97, 107 (Tex. App.—Houston [1st Dist.] 2015, no pet.). "[A] successful promissory estoppel claim must be based on 'an actual promise.'" *Id.* at 108 (quoting *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App.—Austin 2001, no pet.)). The promise must be sufficiently specific and definite such that it would be reasonable and justified for the promisee to rely on it as a commitment to future action. *Id.*; *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 635 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

The Patels' promissory estoppel claim is premised on their contention that Swetanshu "consented to" and "approv[ed]" the divorce decree and thereby promised to pay the Patels the liabilities assigned to Swetanshu in the decree. The divorce decree, however, does not appear to be an agreed judgment. The decree appears numerous times in the appellate record, and each time the decree is heavily redacted.[4] No copy of the divorce decree in the appellate record—let alone the copy

---

[4]     The copy of the divorce decree that the Patels attached to their traditional summary judgment motion is less heavily redacted than other copies. This copy reflects that Swetanshu and Neepa entered into a partial mediated settlement agreement and the final divorce decree "is stipulated to represent a merger of the Partial Mediated Settlement Agreement between the parties." The unredacted portions of the decree, however, give no indication of what Swetanshu and Neepa agreed to in their partial mediated settlement agreement. There is no indication that they agreed on how liabilities would be allocated between them.

that the Patels attached as evidence in response to Swetanshu's summary judgment motion—demonstrates that it was signed by Swetanshu as an indication that he approves or consents to the form and substance of the decree.

Although the Patels presented evidence that they advanced funds to Neepa during her divorce, they presented no evidence that Swetanshu promised to repay the Patels for those advances. We therefore agree with Swetanshu that the Patels have not raised a fact issue on a promise by Swetanshu that would support their claim for promissory estoppel. *See Davis*, 470 S.W.3d at 108. We conclude that the trial court did not err to the extent it granted no-evidence summary judgment on this claim.

### 4. The Patels' unjust enrichment claim

Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which would be unconscionable to retain. *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage. *Id.*; *see Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). When a person has been unjustly enriched by receiving benefits in a manner that is not governed by a contract, the law implies a contractual obligation upon that person to restore the benefits to the plaintiff. *Eun Bok Lee*, 411 S.W.3d at 111. Because unjust enrichment is based on

21

quasi-contract principles, this remedy is unavailable when a valid, express contract governing the subject matter of the dispute exists. *Id.* at 112.

Although the Patels presented evidence that they advanced money to Neepa during the pendency of her divorce and that Avinash lent money to Swetanshu pursuant to the May 2011 promissory note, the summary judgment evidence does not reflect that Swetanshu obtained any benefits as a result of fraud, duress, or taking an undue advantage. We conclude that the Patels did not raise a fact issue on this element of unjust enrichment,[5] and therefore the trial court did not err to the extent it granted no-evidence summary judgment on this claim.

We sustain the Patels' third issue in part.

## C. *Whether Avinash's Claims Based on the Promissory Note are Barred by Limitations*

Swetanshu also argued that he was entitled to traditional summary judgment based on the statute of limitations. He argued that Avinash's claims based upon the promissory note were barred by limitations because both breach of contract and

---

[5]     On appeal, the Patels argue that Swetanshu did not properly move for no-evidence summary judgment on this claim because he failed to identify the elements for which there were no evidence. *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). In his motion for summary judgment, however, Swetanshu identified the elements of an unjust enrichment claim and stated that reliance upon the divorce decree "does not substantiate the fact that Plaintiffs provided the alleged loan to Dr. Chaudhari or that Dr. Chaudhari received the same by fraud, duress, or taking undue advantage." We conclude that Swetanshu properly identified the elements of unjust enrichment which, he contended, lacked evidentiary support.

promissory estoppel have a four-year statute of limitations.[6] Any alleged breach of the promissory note would have occurred on January 2, 2015, the day after payment obligations began under the note, but Avinash did not file suit until January 23, 2019. He thus argues that Avinash filed suit twenty-one days too late.

The statute of limitations is an affirmative defense. TEX. R. CIV. P. 94; *Ammerman v. Ranches of Clear Creek Cmty. Ass'n*, 562 S.W.3d 622, 636 (Tex. App.—Houston [1st Dist.] 2018, no pet.). A defendant moving for summary judgment based on an affirmative defense such as limitations bears the burden to conclusively establish that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Ammerman*, 562 S.W.3d at 636. When a cause of action accrues is a question of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001); *Ammerman*, 562 S.W.3d at 636. If the movant establishes that the statute of limitations bars the action, the nonmovant must present evidence raising a fact issue

---

6    Because we conclude that the trial court did not err to the extent it granted no-evidence summary judgment on the Patels' claims for money had and received, promissory estoppel, and unjust enrichment, we need not address the Patels' second issue: whether the trial court erred by granting traditional summary judgment on these claims based on limitations. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (stating that if nonmovants do not overcome their no-evidence burden "on any claim, we need not address the traditional motion to the extent it addresses the same claim.").

to avoid limitations. *Diversicare Gen. Partner*, 185 S.W.3d at 846; *Ammerman*, 562 S.W.3d at 636.

It is undisputed that, under the promissory note in this case, Swetanshu promised to pay Avinash $250,000 via one of two specified repayment options. Option one provided that, beginning on January 1, 2015, Swetanshu would make 50 monthly repayment installments of $5,000. Option two provided that, on January 1, 2015, Swetanshu would make one lump sum payment of the principal amount of the loan. Avinash presented evidence that Swetanshu did not make any payments pursuant to the note. The Patels filed suit against Swetanshu on January 23, 2019.

A claim for breach of contract is subject to a four-year statute of limitations. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 203 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). A breach of contract claim accrues when the contract is breached. *Ammerman*, 562 S.W.3d at 636; *see Am. Star Energy & Mins. Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015) ("Generally a cause of action accrues when facts come into existence [that] authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another.") (internal quotations omitted).

A promissory note is a contract and is generally governed by the law of contracts. However, a promissory note can be a negotiable instrument, and if the note is negotiable, then it is governed by the Uniform Commercial Code ("UCC").

*See Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 660–61 (Tex. App.—Texarkana 2017, pet. denied). That distinction matters in this case because, under the UCC, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note." TEX. BUS. & COM. CODE § 3.118(a). Thus, if the promissory note signed by Swetanshu is a negotiable instrument, the statute of limitations for Avinash to bring an action to enforce that note is six years, not four. *See Ward v. Stanford*, 443 S.W.3d 334, 343 (Tex. App.—Dallas 2014, pet. denied); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied).

The negotiability of an instrument is a question of law.[7] *Great N. Energy*, 528 S.W.3d at 660; *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 248 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The UCC provides that, with exceptions not relevant here:

> "[N]egotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it:
>
> (1)  is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (2)  is payable on demand or at a definite time; and

---

[7]  Swetanshu did not argue in the trial court—and does not argue on appeal—that the promissory note is not a negotiable instrument.

(3)    does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

    (A)    an undertaking or power to give, maintain, or protect collateral to secure payment;

    (B)    an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

    (C)    a waiver of the benefit of any law intended for the advantage or protection of an obligor.

TEX. BUS. & COM. CODE § 3.104(a); *Great N. Energy*, 528 S.W.3d at 661 (stating that promissory note can only be negotiable instrument if it constitutes "an unconditional promise or order to pay a fixed amount of money.").

"[A] promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another record, or (iii) that rights or obligations with respect to the promise or order are stated in another record." TEX. BUS. & COM. CODE § 3.106(a). Here, the promissory note does not state any express conditions to payment, nor does it state that the promise to pay is subject to or governed by another record, or that rights or obligations with respect to the promise are governed by another record. We conclude that the promise to pay in the promissory note is unconditional. *See id.*

The promise must be to pay a "fixed amount of money." *See id.* § 3.104(a); *Burns v. Resol. Tr. Corp.*, 880 S.W.2d 149, 153 (Tex. App.—Houston [14th Dist.] 1994, no writ) (stating that requirement for promise to pay sum certain applies to

principal of note). An obligation is not a "sum certain" if one cannot determine from the face of the instrument the extent of the maker's liability. *FFP Mktg. Co. v. Long Lane Master Tr. IV*, 169 S.W.3d 402, 408 (Tex. App.—Fort Worth 2005, no pet.); *see Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 99 S.W.3d 349, 357 (Tex. App.—Fort Worth 2003, no pet.) (concluding that note was not for fixed amount of money and was not negotiable when note stated that multiple advances of money were contemplated by parties). Here, the promissory note obligates Swetanshu to pay $250,000 in principal and no interest. The note includes no provision for the advancement of additional amounts. We agree with Avinash that, under the note, Swetanshu promised to pay a "fixed amount of money." *See* TEX. BUS. & COM. CODE § 3.104(a).

The promise must be "payable to bearer or to order at the time it is issued or first comes into possession of a holder." *Id.* § 3.104(a)(1). A promise is payable to order if it is payable "to an identified person or order." *Id.* § 3.109(b)(ii). Here, the promissory note states that it is payable to Avinash. Because Avinash is an "identified person," the promise to pay contained in the note is "payable to order." *Id.* §§ 3.104(a)(1), 3.109(b).

The promise must also be "payable on demand or at a definite time." *Id.* § 3.104(a)(2). A promise is "payable at a definite time" if it is payable "on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a

27

time or times readily ascertainable at the time the promise or order is issued," subject to the rights of prepayment, acceleration, or extension under certain circumstances. *Id.* § 3.108(b). Here, the promissory note states that it is payable either in monthly installments on the first day of the month beginning on January 1, 2015, or in a lump sum payment on January 1, 2015. We conclude that the note is payable "at a fixed date or dates," and therefore the note is payable "at a definite time." *See id.* §§ 3.104(a)(2), 3.108(b).

Finally, the promissory note does not "state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money." *See id.* § 3.104(a)(3). The only requirement the promissory note imposes upon Swetanshu is the repayment of $250,000 in principal.[8] We conclude that the promissory note is an unconditional promise to pay a fixed amount of money that is payable to order and payable at a definite time, and therefore the promissory note is a negotiable instrument. *See id.* § 3.104(a). Because the promissory note is negotiable, the UCC governs, and the six-year statute of limitations to enforce the note set out in Section 3.118(a) applies. *See id.* § 3.118(a);

---

[8] The promissory note also provides that until the principal is paid in full, the note "will be secured by the borrower's primary car." "[A]n undertaking or power to give, maintain, or protect collateral to secure payment" is permissible under UCC section 3.104(a)(3)(A) and does not render an instrument non-negotiable. TEX. BUS. & COM. CODE § 3.104(a)(3)(A).

*Ward*, 443 S.W.3d at 343 (stating that if note was negotiable instrument, party had six years to sue maker for failure to pay).

Swetanshu, however, argued in his traditional summary judgment motion that Avinash's claims based on the promissory note were subject to the four-year statute of limitations applicable to breach of contract actions generally. As a defendant moving for summary judgment based on the affirmative defense of limitations, Swetanshu bore the burden to conclusively establish that defense. *See Diversicare Gen. Partner*, 185 S.W.3d at 846; *Ammerman*, 562 S.W.3d at 636. Because the six-year statute of limitations relevant to negotiable instruments applies in this case, and not the four-year statute of limitations relevant to breach of contract actions, we conclude that Swetanshu did not conclusively establish that limitations bars Avinash's claims based on the promissory note. We therefore hold that the trial court erred to the extent that it granted traditional summary judgment on Avinash's claims based on the promissory note.

We sustain the Patels' first issue.

## Conclusion

We reverse the portion of the trial court's judgment granting summary judgment on the Patels' claim for breach of contract. We remand this claim for further proceedings. We affirm the trial court's judgment to the extent the court

29

granted summary judgment on the Patels' claims for money had and received, promissory estoppel, and unjust enrichment.


April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.